IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Walter Anderson, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 7224 |
| Collecto, Inc., d/b/a EOS CCA, a Massachusetts corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Walter Anderson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Walter Anderson ("Anderson"), is a resident of the State of California, from whom Defendant attempted to collect a delinquent consumer debt owed to AT&T Mobility, despite the fact that he had exercised his right to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Collecto, Inc., d/b/a EOS CCA ("EOS"), is a Massachusetts corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. EOS operates a nationwide delinquent debt collection business, including from its office in Tinley Park, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant EOS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant EOS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit A. In fact, EOS conducts business in Illinois.

6. Defendant EOS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant EOS acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Anderson fell behind on paying his bills, including a debt he owed to AT&T Mobility. Defendant EOS thereafter began trying to collect this debt from Mr. Anderson. This caused Mr. Anderson to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding his financial difficulties and Defendant's collection actions.

8. Accordingly, on November 29, 2012, one of Mr. Anderson's attorneys at LACD informed Defendant, in writing, that Mr. Anderson was represented by counsel, and directed EOS to cease contacting him, and to direct all further collection activities to

his attorneys at LACD, because Mr. Anderson was forced, by his financial circumstances, to try and negotiate a payment plan as to his unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit C.

9. Thereafter, from April, 2012 through July, 2014, from their offices in Chicago, Illinois, Mr. Anderson's attorneys at LACD sent Defendant EOS the agreed upon monthly payments, which payments were accepted by Defendant.

10. Nonetheless, Defendant communicated directly with Mr. Anderson, via a letter dated July 14, 2014, regarding payment of the AT&T Mobility debt. A copy of this collection letter is attached as Exhibit D.

11. Defendant's collection actions complained of herein (Exhibit D) occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Anderson's attorney/agent, LACD, told Defendant to cease communications with Mr. Anderson (Exhibit C). By continuing to communicate via a letter regarding the debt and demanding payment from Mr. Anderson (Exhibit D),

3

Defendant EOS violated § 1692c(c) of the FDCPA.

16. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant EOS knew that Mr. Anderson was represented by counsel in connection with his debts because his attorneys at LACD had informed Defendant EOS, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant to cease directly communicating with him. By directly sending Mr. Anderson a collection letter (Exhibit D), despite being advised that he was represented by counsel, Defendant EOS violated § 1692c(a)(2) of the FDCPA.

20. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Walter Anderson, prays that this Court:

1. Find that Defendant EOS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Mr. Anderson and against Defendant EOS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Walter Anderson, demands trial by jury.

Walter Anderson,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 16, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com